IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GRACE J. ROMERO,**

    **Plaintiff,**

v.                                                CIV No.  07-1272 LH/LFG

**NEW MEXICO FINANCE AUTHORITY,**
**WILILIAM C. SISNEROS, in his individual**
**capacity, JOHN T. DUFF, in his individual**
**capacity, and, ROBERT CASWELL**
**INVESTIGATIONS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Consolidate (Docket No. 14).[1] This motion seeks to consolidate this action for all purposes with *Gosline v. New Mexico Finance Authority, et al.*, CIV No. 2007-1274 MCA/RLP, also pending in this Court, filed on the same day against the same defendants. The Court having considered the motion, response and reply, concludes that the motion is not well taken and shall be **denied**.

**Procedural History**

On December 18, 2007, Plaintiffs Romero and Gosline filed two separate lawsuits in federal court for alleged violations of the United States Constitution, violations of 42 U.S.C. § 1983, violations of procedural and substantive due process, breaches of an implied contract of

---

[1] This motion was filed by one defendant only, Robert Caswell Investigations.

1

employment, prima facie tort, negligent misrepresentation, negligence, wrongful termination, conspiracy, tortuous interference with contractual relations, and a breach of the covenant of good faith and fair dealing. Gosline also alleged in his lawsuit that Defendants have defamed him. These lawsuits were assigned case numbers CIV 07-1272 LH/LFG and CIV 07-1274 MCA/RLP. Both Complaints allege that Plaintiffs were wrongfully terminated, without due process, from their employment with the New Mexico Finance Authority ("NMFA") after participating in an investigation by the Environmental Protection Agency. Both Plaintiffs allege that they were terminated without proper justification, and that the reasons given by Defendant NMFA for the terminations were pretextual. In essence, the complaints asserts claims against NMFA for wrongful termination, and against Robert Caswell Investigations ("RCI") for alleged failure to conduct a good investigation.

On April 29, 2008, Plaintiff Romero agreed and stipulated that she brings no claims against NMFA under 42 U.S.C. § 1983, and that to the extent that any of her claims can be so construed they are dismissed with prejudice. She also stipulated that Counts VI, VII and VIII of her complaint are dismissed with prejudice (prima facie tort, negligent misrepresentation and wrongful termination/retaliatory discharge). Plaintiff Gosline has entered no such stipulation into the record.

Because the Romero case (CIV 07-1272 LH/LFG) has been assigned the lower case number, it is incumbent upon the undersigned judge to determine the consolidation issue.

**Legal Standard**

Rule 42(a) provides that if actions before the court involve a common question of law or fact, the court may consolidate the actions. FED.R.CIV.P. 42(a). Whether to grant a motion to consolidate

under Rule 42(a) is in the trial court's discretion.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  Once the district court determines there is a common question of law or fact, the Court weighs the interest of judicial convenience in consolidating against the delay, confusion, and prejudice that consolidation might cause. *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).  Judicial economy and reduction of the burden on the parties and witnesses are also considerations. The party moving for consolidation, bears the burden of proving that consolidation is desirable. *Id*.  "Courts have employed a balancing test to determine whether consolidation serves the interests of justice.  In weighing the interests of convenience and economy against an ultimate goal of fairness and impartiality at trial, as well as individual justice, courts have found fairness must be paramount."  8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE  ¶42.10[4][a](3d ed. 1997).  Applying these standards to the present motion, the Court finds that Defendants have not carried their burden of proving that consolidation is desirable.

**Discussion**

There is no question that the two cases at issue involve some common questions of law and fact.  They both revolve around termination of Plaintiffs' respective employment with NMFA. Despite these common issues, several significant factors militate against consolidating these two actions.

First, there is no question that these cases involve important different questions of fact. Specifically, Plaintiff Romero points out that the Notice of Recommendation for Termination of Employment, setting forth the alleged reasons for her termination set forth these reasons for her termination:  (1)  Romero had sent out a chain letter in violation of the NMFA's computer use

policies; (2) Romero had engaged in an on-line chat with her sister; and (3) Romero had disabled a remote administrator on her computer. Romero Compl. ¶ 18.  No other reasons for the termination were ever brought forward or communicated by the NMFA with respect to ending Romero's employment.

In contrast, the alleged reasons for Gosline's termination are quite different.   The Gosline Notice of Recommendation for Termination of Employment set forth the following reasons as allegedly justifying the termination action: (1) Gosline had allegedly visited Internet dating services while at work; and, (2) Gosline had solicited sexual relationships and sent sexually explicit e-mail while at work.  Gosline Compl.¶ 16.  In summary, the two terminations of these plaintiffs are separate transactions, for different underlying violations of company computer policies, with each decision made independently of the other.

Secondly, while Plaintiff Romero has stipulated that her case involves no claims against NMFA under 42 U.S.C. § 1983 and that she agrees to dismiss with prejudice her claims for prima facie tort, negligent misrepresentation and wrongful termination/retaliatory discharge, Plaintiff Gosline has entered no such stipulation or agreements.  Accordingly, the claims of these two plaintiffs now differ substantially.

Even assuming *arguendo*, however, that common questions of law and fact justified consolidation, the Court concludes that the resultant confusion and prejudice to Plaintiff Romero renders a consolidation unwarranted. A jury's reaction to potentially prejudicial material contained within Plaintiff Gosline's case threatens to injure Plaintiff Romero's case.  While her alleged violation of company policy regarding computer use involved fairly innocuous behavior, Gosline's alleged computer misuse involved solicitation of sexual relationships and sexually explicit e-mail.

The principle reason for denying this motion to consolidate is that jury confusion and prejudice would likely result should the jury hear testimony relevant to the Gosline case, and irrelevant to the issues in the Romero case that it must adjudicate. And while the Court could take steps to shield the jury from confusing or prejudicial testimony, such efforts would consume judicial resources, and most likely be ineffective to eliminate the confusion and prejudice.

Apparently counsel for the parties have agreed that discovery in either *Gosline*, *Romero*, or *Salazar*, another companion case, can be used in any of the other cases (Response at 3). This approach will significantly remedy many of the problems associated with a failure to consolidate. The Court believes that, with the cooperation of the parties, the cases can remain separate and focused on the issues relevant to each cause of action, and also make efficient use of judicial resources.

In view of these factors, the Court will exercise its discretion to deny Defendants' motion to consolidate the Romero action, CIV No. 07-1272 LH/LFG, with the Gosline action, CIV No. 07-1274

**WHEREFORE, IT IS HEREBY ORDERED** that the Defendants' Motion to Consolidate (Docket No. 14) is hereby **denied**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**